UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                                                     CASE NO.

**VIRGIN OFFSHORE U.S.A., INC**                          **11-13028**
                                                                                                      **SECTION A**

DEBTORS                                                                                                                CHAPTER 11

**OPINION**

The hearing on the Third and Final Application of Gerald H. Schiff ("Trustee") for Allowance of Compensation and Expenses as Chapter 11 Trustee was held on October 7, 2014.[1] At the conclusion of the hearing, the Court took the matter under advisement. Based on the pleadings and arguments of counsel, for the reasons set forth below, the Court finds $186,408.75 to be reasonable compensation for Trustee's services over the application period spanning October 1, 2011 through July 8, 2014, and finds $7,538.79 to be a reasonable amount for the expenses incurred by Trustee during this same time period.

I. **Law and Analysis**

11 U.S.C. § 330 provides that after notice and hearing the court may award to a trustee, reasonable compensation for the actual, necessary services rendered by the trustee and reimbursement for actual, necessary expenses.[2] The court may, on its own motion, award compensation that is less than the amount requested.[3] In determining the amount of reasonable compensation to be awarded to a trustee under chapter 11, the court must consider the nature, the extent, and the value of the services rendered taking into account certain enumerated factors. 11

---

[1] Pleading 644.

[2] 11 U.S.C. §330 (a)(1)(A) and (B).

[3] 11 U.S.C. §330(a)(2).

U.S.C. §330(a)(3) itemizes those factors:

1. The time spent;
2. The rate charged;
3. The necessity of the services in the administration of the case and if they were beneficial to the completion of the case;
4. Whether performed within a reasonable time; and
5. Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.[4]

The court may reduce the amount of compensation and order disgorgement of interim payments if the amounts finally awarded are less than that previously paid.[5]

Trustee has requested compensation of $224,758.46 calculated as a percentage of the distributions to administrative, secured and unsecured claimants. Employing section 326(a) in conjunction with section 330(a)(7), Trustee asserts that he is entitled to the amount afforded under section 326(a).[6]

11 U.S.C. § 326(a) sets forth the maximum compensation allowed a trustee for services to the estate but does not require that fee to be awarded. Section 326(a) provides:

> In a case under chapter 7 or 11, the court *may allow* reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.  (emphasis supplied).

---

[4] A sixth enumerated factor is not applicable to a chapter 11 trustee.

[5] 11 U.S.C. §330(a)(5).

[6] Pleading 644, p. 13, ¶ 31.

2

Section 330(a)(7) explains that a trustee's compensation shall be treated as a commission under 11 U.S.C. § 326. Based on this provision, Trustee argues that he is entitled to the full amounts allowed by section 326 without reference to the time expended or factors itemized in section 330(a)(3). Trustee's argument is incorrect.

As clearly set forth under the Bankruptcy Code, section 330(a)(3) states, *"[I]n determining the amount of reasonable compensation to be awarded to …[a] trustee under chapter 11*…the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–…(emphasis supplied, factors omitted). For the Trustee to suggest that consideration of the factors contained in section 330 is irrelevant to the determination of his compensation is both contrary to the plain reading of the Code and without support. The case cited by Trustee as legal support for his conclusion actually holds against his proposition.

*In re McKinney*, 383 B.R. 490 (Bankr. N.D. Cal. Feb. 29, 2008), cited by Trustee, involved an objection to compensation requested by a *chapter 7 trustee*. In the case, a debtor negotiated and obtained an agreement to sell real property. After acquiring the buyer, the case was converted. The chapter 7 trustee reviewed the sale terms, found them to be acceptable, closed the sale and paid all creditors in full. The trustee then requested compensation based on the maximum amounts allowed under section 326, alleging that the time expended was "irrelevant" to the determination of a reasonable fee. *In re McKinney*, 374 B.R. 726, 727-728 (Bankr. N.D. Cal. Aug. 27, 2007). As with this case, the trustee's argument required the *McKinney* Court to examine the relationship between sections 326 and 330 of the Bankruptcy Code. Noting that section 330 controlled the compensation of a chapter 11 trustee and required a lodestar analysis in relation to compensation requested,[7]

---

[7] *Id*. at 730.

*McKinney's* issue was whether or not a chapter 7 trustee's compensation should be similarly analyzed.

The *McKinney* Court noted that Congress omitted a chapter 7 trustee's compensation from the provisions of section 330(a)(3). Nevertheless, the *McKinney* Court ordered the production of time sheets for work expended by the trustee finding that the determination of "reasonableness" under section 326 required some analysis of the trustee's efforts. In making this holding, the *McKinney* Court expressly distinguished the consideration of a chapter 11 trustee's compensation, explaining that in such a case the lodestar factors of section 330 would be clearly applicable.[8]

Trustee argues that section 330(a)(7) creates a presumption that the statutory maximum is reasonable compensation. Thus, Trustee argues that his compensation should be based on a percentage of his distributions (as set forth in section 326) rather than the factors enumerated in section 330(a)(3). Nothing in the relevant Code sections leads to this conclusion.

First and perhaps most importantly, section 330(a)(3) directs that a chapter 11 trustee's fee is determined by the factors enumerated in the section. It is an elementary principle of statutory construction that the more specific provisions control over the general.[9] Section 326 provides

---

[8] The *McKinney* Court provided: "Section 330(a)(3) *requires* the commission of chapter 11 trustees to be calculated under a [l]odestar approach." *McKinney*, 374 B.R. at 730 (emphasis supplied). *See also In re Salgado-Nava*, 473 B.R. 911, 921 (9th Cir. BAP 2012) (in the case of a chapter 11 trustee, fee determination "necessarily requires consideration of the § 330(a)(3) factors"). Interestingly, the *McKinney* Court reduced the fees requested once the time sheets revealed less time spent than the amounts requested. Despite acknowledging that the lodestar factors of section 330(a)(3) were inapplicable to the determination of a chapter 7 trustee's compensation, the Court found that they were nonetheless relevant in determining the 'reasonableness' of the fee under section 326. *See also In re Greenberg*, 2006 WL 6810945, *4 (9th Cir. BAP 2006) (court considered § 330(a)(3) factors in determining compensation for chapter 7 trustee).

[9] *Arizona v. Inter Tribal Council of Arizona, Inc.*, __ U.S. __, 133 S.Ct. 2247, 2266, 186 L.Ed.2d 239 (2013) (quotations omitted) (It is a commonplace of statutory construction that the specific governs the general.); *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, __ U.S. __, 132 S.Ct. 2065, 2071, 182 L.Ed.2d 967 (2012) (same); *Turner v. Rogers*, __ U.S. __, 131 S.Ct. 2507, 2522, 180 L.Ed.2d 452 (2011) (same).

4

generally, that a chapter 7 or 11 trustee's compensation must be both reasonable and may not exceed three percent (3%) of the total amounts distributed at the maximum point.[10] Thus, the more specific section, section 330(a)(3), controls.

But what to make of section 330(a)(7)'s direction that a trustee's compensation is to be treated as a commission? Trustee argues that this section warrants a simple, mathematical calculation of his fee. Contrary to Trustee's interpretation, section 330(a)(3) commands that a chapter 11 trustee's compensation *shall* be considered in light of the enumerated factors. Trustee's position is in conflict with the clear language of section 330(a)(3) and would render the provisions of section 330(a)(3) unnecessary. The rules of statutory construction require if possible, a statutory interpretation that gives effect to all statutory provisions.[11]

Harmonizing section 330(a)(7) with section 330(a)(3) is not difficult. Section 330(a)(7) merely incorporates the limitations of section 326 on any determination made under section 330(a)(3). In this way a reasonable fee may be determined through a lodestar analysis, but may not exceed the calculation set forth in section 326.

Attached as Exhibits A, C, and D are the billing statements for the cumulative application period from October 1, 2011 through July 8, 2014.[12] The billing statements reflect that Trustee

---

[10] Section 326 actually provides a sliding scale of compensation based on the amounts distributed, but at its highest end does not exceed three percent.

[11] *CSX Transp., Inc. v. Alabama Dept. of* Revenue, 562 U.S. 277, 131 S.Ct. 1101, 1111, 179 L.Ed.2d 37 (quotation omitted) (elementary canon of construction is that a statute should be interpreted so as not to render one part inoperative); *Department of Revenue of Oregon v. ACF Industries, Inc.,* 510 U.S. 332, 114 S.Ct. 843, 848, 127 L.Ed.2d 165 (1994) (same).

[12] Exhibit C is the billing statement for the first application period, October 1, 2011 through August 31, 2012. *See* Pleading 644, p. 9, ¶ 21. Exhibit D is the billing statement for the second application period, September 1, 2012 to May 31, 2013. *See* Pleading 644, p. 10, ¶ 23. Exhibit A is the billing statement for the third and final application period, June 1, 2013 to July 8, 2014. *See* Pleading 644, p. 12, ¶ 29.

expended a total of 497.09 hours discharging his duties. Reviewing the billing statements, the Court finds that considerable time was expended in consultation with Trustee's counsel. The time associated with such communication was reasonable and Trustee's action in this regard was necessary given the vital role counsel played in terms of facilitating Trustee's duties. Time was also expended in communication with parties associated with the bankruptcy proceeding. Again, such contact was necessary for Trustee to perform his duties. A review of the pertinent entries reflects that Trustee did not spend an inordinate amount of time in this regard.

Trustee also spent time preparing and reviewing materials, including emails, letters, reports and pleadings, associated with the bankruptcy proceeding. Particular attention was afforded to preparing for two confirmation hearings. Such time, while considerable, was likewise reasonable.

Much time was also expended in travel, mainly from Lafayette, where Trustee lives, to New Orleans, where the bankruptcy proceeding is pending. Travel time was reasonably billed at one-half of Trustee's billing rate. With regard to the expenses incurred by Trustee in performing his duties, the majority are attributable to travel from Lafayette to New Orleans. Such expenses, *i.e.*, mileage, parking, meals, and lodging, are inevitable given that Trustee's residence is in Lafayette and the bankruptcy proceeding is in New Orleans, a factor known to the United States Trustee when he selected Trustee.

Trustee's time entries also reflect time spent attending court proceedings and conducting/attending meetings such as the section 341 meeting of creditors. Trustee's endeavors in this regard were clearly essential and the time expended on same was reasonable.

The Court, considering all but one of the lodestar factors enumerated in subsection (a)(3),[13]

---

[13] Factor (E) was not considered as its application is limited to professional persons.

finds Trustee's time entries to be coordinated and reasonable given his duties as trustee.

With regard to the rate charged, the invoices reflect a billing rate of between $375-$390 per hour. At the hearing on this Application, Trustee's counsel admitted that the Trustee typically charged less than $375.00 per hour. The highest rate approved in this District to date is $375.00 per hour. Given that Trustee started his retention at that rate (or lower), the Court finds it a reasonable rate. The hours charged when multiplied by the rate in effect result in a fee of $186,408.75. However, Trustee argues for a higher effective rate and even a total amount over his hourly rate. Such an increase, absent rare and exceptional circumstances, is not justified.[14]

This case and its sister case, Virgin Oil, Inc., have been administered in this Court over the last five years. The Virgin Oil case involved substantial litigation over control of the case, the reworking of oilfields, the operator, and the rights of Virgin Oil, Virgin Offshore, and investors in Virgin Offshore to royalties and mineral interests. The litigation resulted in multiple rulings from the Court that settled the matters both as to Virgin Oil and Offshore resulting in the confirmation of Oil's plan in 2011. By the time Virgin Offshore was placed in an involuntary bankruptcy in 2011, administration of the properties for redevelopment or abandonment was underway. In fact, counsel for Trustee initially represented to the Court that the Offshore case would be concluded in a matter of months and that administrative expenses would be kept to a minimum. Instead, the case dragged on for over three years. Several times this Court had to order the parties in for status conferences or to comply with filing deadlines just to force it to conclusion. This Court was forced to provide Debtor's counsel continued extensions of time due to "complex issues." Nevertheless, it is clear

---

[14] *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S.Ct. 1662, 1673, 176 L.Ed.2d 494 (2010) (fee over lodestar amount may be awarded in rare and exceptional circumstances); *In re DLC, Ltd.* 295 B.R. 593, 608 (8th Cir. BAP 2003) (lodestar approach is appropriate method to use in calculating reasonable compensation under § 330(a) absent rare and exceptional circumstances which would justify upward adjustment).

both from this Court's observation and the time entries of Trustee that the "complex issues" were addressed by Trustee's counsel. Thus the difficulty of the case cannot be used to adjust Trustee's compensation upward when he delegated its solution to counsel.[15] As reflected in Counsel's Application, the firm represented that the issues addressed were complex and novel arguing for approval of its fee under a lodestar analysis.

The lodestar factors enumerated in subsection (a)(3) are not exclusive. Rather, the Court is to consider "all relevant factors." With this in mind, the Court would be remiss if it did not take into account the fact that Trustee is a member of the law firm, Gordon, Arata, McCollam, Duplantis and Eagan, LLC ("Gordon, Arata"), who also represents Trustee. In connection with its representation, Gordon, Arata has been awarded attorneys' fees in the amount of $924,064.25. The Court, pursuant to its inquiry, was informed that the trustee, as a member of the firm, will receive a three (3) percent share of these fees which amounts to a payment of approximately $28,000.00. This amount is also compensation to Trustee and an additional point in this Court's denial of a higher fee.

## II. Conclusion

Applying the required lodestar analysis as set forth under section 330(a)(3), the Court finds a commission in the amount of $186,408.75 to be reasonable compensation for Trustee and expenses

---

[15] *See In re Castro*, 320 B.R. 690, 694 (Bankr. S.D. Cal. Jan. 25, 2005) (in determining a trustee's reasonable compensation, it is appropriate to consider the extent to which trustee delegated complex tasks to professionals); *In re Greenberg*, 2006 WL 6810945, *6 (9th Cir. BAP 2006) (extent to which trustee delegated duties to professionals properly considered in reducing trustee's compensation); *In re Pruitt*, 319 B.R. 636, 643 (Bankr. S.D. Cal. Dec. 17, 2004) (in assessing the value of the trustee's services, it is appropriate to consider the extent to which the trustee relied upon professionals).

in the amount of $7,538.79 to be justified.  A judgment in accord with this Opinion will be separately rendered.

New Orleans, Louisiana, January 26, 2015.

                                              Hon. Elizabeth W. Magner
                                              U.S. Bankruptcy Judge